[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15622

_____

D. C. Docket No. 05-00477-CR-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ARTURO NAMUR-MONTALVO,
a.k.a. Cauliflower,
MARCO AURELIO DELEON,
a.k.a. Gordito,
JUAN PELAES PEREZ-URENA,
a.k.a. Jaime,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(December 14, 2009)

Before DUBINA, Chief Judge, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Appellants Juan Arturo Namur-Montalvo, Juan Perez-Urena, and Marco Aurelio Deleon appeal their convictions and sentences stemming from an alleged cocaine distribution scheme centered in Atlanta, Georgia. Namur-Montalvo transported cover loads and drugs on behalf of the conspiracy. Perez-Urena handled the local distribution. Deleon drove the money part of the way back to Mexico.

Namur-Montalvo challenges the trial's jury selection and the district court's calculation of his sentence after conviction. Perez-Urena challenges only his conviction–the sufficiency of the evidence and the admission of prior act evidence. Deleon challenges only his sentence–the district court's decision to convert laundered funds into their drug equivalent because of the underlying conspiracy.

This case presents a number of issues on appeal:

1. Did the district court clearly err in denying *Batson* objections to the prosecution's use of peremptory strikes on jurors based on their ability to speak Spanish, when that criteria eliminated all Hispanics from the jury pool?

2. Did the district court clearly err in adding to the sentence calculation drug possession amounts for transactions where a defendant was separately charged and acquitted, or where his conduct consisted of posting bond for others who had been

arrested on the drug possession charge?

3. Did the district court clearly err in declining to reduce a defendant's base level offense for his minor role in the conduct when he distributed drugs for a larger drug conspiracy?

4. Is trial testimony of co-conspirators who have accepted a plea bargain a sufficient basis on which to convict a defendant?

5. Under Fed. R. Evid. 404(b), is it an abuse of discretion to admit a prior conviction for drug possession to show that a defendant intended to join a drug distribution conspiracy?

6. Under the Sentencing Guidelines, was it clear error for the district court to convert the value of laundered funds seized from a defendant into their drug equivalent based on its finding that the defendant knew that he was transporting cash on behalf of a drug distribution scheme, even though he did not handle the drugs directly?

A district court's ruling on a *Batson* challenge is reviewed for clear error. *Snyder v. Louisiana*, 128 S. Ct. 1203, 1207 (2008). A district court's calculation of a base offense level for drug offenses is reviewed for clear error. *See United States v. Maxwell*, 34 F.3d 1006, 1012 (11th Cir. 1994). A district court's refusal to reduce an offense level calculation because of the defendant's role in the criminal

activity will only be reversed if it is clearly erroneous. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999). When a defendant contests the sufficiency of the evidence on which his conviction relies but fails to move for a judgment of acquittal at the close of the evidence, his conviction will be reversed only to prevent a manifest miscarriage of justice. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). A district court's admission of prior crimes or bad acts under Federal Rule of Evidence 404(b) is reviewed for abuse of discretion. *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005).

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we conclude there is no merit to any of the arguments Appellants make in this appeal. Accordingly, we affirm their convictions and sentences.

**AFFIRMED.**